IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YASIN SOLOMON HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:22-cv-01009 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| BRIAN ELLER, Warden, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND ORDER

Yasin Solomon Hawkins, an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his confinement under his conviction in Davidson County Criminal Court for aggravated robbery, for which Petitioner received a total effective sentence of thirty years. (Doc. No. 1). After filing his initial petition, Petitioner filed an amended petition (Doc. No. 20), which the Court permitted (Doc. No. 22). Respondent filed an answer (Doc. No. 10) to the original petition and an amended answer to the amended petition (Doc. No. 23). Petitioner filed a reply. (Doc. No. 28).

Also pending before the Court is a Motion to Produce Documents (Doc. No. 29) and a Motion to Produce Evidence (Doc. No. 30) filed by Petitioner, to which Respondent filed a response in opposition (Doc. No. 31). These two motions, which are substantively identical, must be addressed prior to ruling on Petitioner's Section 2254 petition. In the motions, Petitioner requests the production of two pieces of evidence, namely (1) "transcripts to bench trial waivor

[sic],"[1] and (2) "copy of brochures that was introduce [sic] at trial as exhibits[.]" (Doc. No. 29 at PageID). *See also* Doc. No. 30 at PageID 880 (using the same enumeration and very similar language, including evidently using "pamphlets" as a synonym for "brochures"). As best the Court can tell, and as Respondent represents (*see* Doc. No. 31 at PageID 891-92), the transcript and the brochures are not part of the state-court record in this case. (*See* Doc. No. 8). Essentially, then, Petitioner is asking the Court to expand the record to consider these documents.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the ability of a federal habeas court to develop and consider new evidence. *Shoop v. Twyford*, 596 U.S. 811, 819 (June 21, 2022). Review of factual determinations under Section 2254(d)(2) is expressly limited to "the evidence presented in the State court proceeding." *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding that review of legal claims under Section 2254(d)(1) is "limited to the record that was before the state court.").

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts does prescribes an exception to this express limitation that conceivably could apply in a particular case once a particular stage of the case is reached. Specifically, it provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. In other words, expansion of the record is not permitted unless the Court does not dismiss the petition considering the pleadings and the state court record before it. The "the purpose [of Rule 7(a)] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R. 7, R. Gov'g § 2254 Cases advisory committee's note. Thus, Rule 7

---

[1] The record suggests that in referring to a "bench trial waivor [sic]," Petitioner must be referring to a waiver of his right to a jury trial and his concomitant agreement to have a bench trial.

suggests that the Court should not permit expansion of the record if the pleadings and state court record adequately resolve Petitioner's claims.

If a petitioner moves to expand the record, "the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing." *Samatar v. Clarridge*, 225 F. App'x 366, 375 (6th Cir. 2007) (citing *Owens v. Frank*, 394 F.3d 490, 499 (7th Cir. 2005)). Therefore, Petitioner must also satisfy the statutory prerequisites articulated in Section 2254(e)(2) to expand the record. Section 2254(e)(2) states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)–(B).

Here, other than asserting that he needs the transcript and brochures so that he can "continue to fight Federal Habeas," (Doc. No. 29 at PageID 880), and "finish litigating his habeas corpus," (Doc. No. 30 at PageID 883), Petitioner does not explain how his request to expand the record relates to any of the claims in his federal habeas petition. Given that Petitioner had a bench trial in Davidson County Criminal Court, (*see* Doc. No. 8-6), the Court surmises that the transcript sought by Petitioner may be a transcript of the proceeding in which he waived a jury trial. Presumably,

Petitioner believes the transcript could support his federal habeas claim[2] that trial counsel was ineffective for failing to "inform [Petitioner] of his Constitutional right to [a] trial by jury." (Doc. No. 20 at PageID 790).[3]

According to Respondent, the transcript at issue was never compiled for the state-court record. Whether or not the transcript exists, Petitioner's ineffective assistance claim referenced above is exhausted. Petitioner raised this same claim on post-conviction appellate review. *Hawkins v. State*, No. M2021-00536-CCA-R3-PC, 2022 WL 628466, at *9 (Tenn. Crim. App. Mar. 4, 2022) ("First, the Petitioner contends that counsel provided ineffective assistance in failing to explain the importance of a jury trial."). The Tennessee Court of Criminal Appeals affirmed the post-conviction court's denial of relief on this claim, finding that "[t]he record fully supports the post-conviction court's conclusion that Petitioner failed to show he was prejudiced by counsel's performance on this issue, particularly considering the overwhelming evidence of the Petitioner's guilt." *Id*. The appellate court noted that Petitioner "essentially admitted a jury trial would not have resulted in a different outcome for him because the Petitioner testified that if he 'could do it all over again,' he would have taken the State's offer of 15 years, not that he would have chosen a jury trial over a bench trial." *Id*.

Respondent agrees that the claim is exhausted. (Doc. No. 31 at PageID 892). The Supreme Court made clear in *Pinholster* that the AEDPA does not permit the admission of evidence outside of the record to support an adjudicated claim under § 2254(d)(1). 563 U.S. at 182. Because the requested transcript was not before the state appellate court when it adjudicated this claim,

---

[2] Petitioner raises this claim under the section of his amended petition entitled, "Prejudicial Errors or Irregularities Violations of Due Process." (Doc. No. 20 at PageID 790).

[3] In his amended Petition, petitioner alleges that his "trial counsel was ineffective for failing to 'inform him of his Constitutional right to [a] trial by jury, especially in a cross-racial trial.'" (Doc. No. 20 at PageID 790). In support of this claim, Petitioner states that "[h]ad said counsel educated the petitioner [of] his right to trial by jury and cases of hung juries similar to this case, Petitioner would have executed his right to trial by jury." (*Id*.)

Petitioner is not entitled to use it now in this federal habeas proceeding, assuming the transcript even exists.

Alternatively, Petitioner may seek the transcript to support his federal habeas claim that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial, due to trial counsel's ineffectiveness. (*See* Doc. No. 20 at PageID 791). Petitioner raised this claim for the first time on appeal of the denial of post-conviction relief, and the Tennessee Court of Criminal Appeals found that Petitioner had waived the claim. *See Hawkins*, 2022 WL 628466, at *10 ( "Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing and decided by the post-conviction court without objection.").

Since Petitioner now lacks recourse under Tennessee law, the claim is now exhausted through procedural default, 28 U.S.C. § 2254(c); *Coleman*, 501 U.S. at 732, and barred from review due to adequate and independent state law grounds.[4] Even if the Court were to determine that Petitioner had established both cause and prejudice to overcome his default (which he has not), Petitioner is not entitled to the requested discovery, because Petitioner has not shown that it is likely to "resolve any factual disputes that could entitle [Petitioner] to relief." *Williams*, 380 F.3d 932, 975. Petitioner is not entitled to expand the state-court record to include the transcript at issue.

Next, Petitioner requests a "copy of brochures [or "pamphlets] that was introduce[d] at trial as exhibits." (Doc. No. 29 at PageID 880; Doc. No. 30 at PageID 883). It does not appear that any "brochures" were admitted into evidence during Petitioner's bench trial. (*See* Doc. No. 8-7).

---

[4] The Tennessee Court of Criminal Appeals relied on a state procedural rule to reject Petitioner's claim. *Hawkins*, 2022 WL 628466, at *10 (citing *Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020); *Walsh v. State*, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal."); *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived.")). The *Cauthern* rule constitutes an adequate and independent state procedural ground on which the Tennessee Court of Criminal Appeals could rest its denial of relief. *See Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Petitioner may be referring to pamphlets—ones not reasonably describable as "brochures"—on which Petitioner's fingerprints were detected, which Petitioner alleges were admitted into evidence during his trial "even though [the] crime scene was not secured or evidence gathered at the time." As best the Court can surmise, Petitioner seeks these purported "brochures" or pamphlets to support his "access to evidence violations" claim. (*See* Doc. No. 20 at PageID 785-86) ("The Petitioner would show that evidence at the scene was not properly collected or preserved and was allowed at trial as circumstantial evidence . . . Fingerprints on pamphlets in a well established business would be circumstantial [evidence and] thus prejudice to [sic] the defendant in this case.").

This claim appears to be procedurally defaulted because Petitioner failed to exhaust state-court remedies on such claim when state-court options remained available to him. *See Hawkins*, 2022 WL 628466, at *7 (identifying all claims raised by Petitioner on appeal of the denial of post-conviction relief, including ineffective assistance of counsel and "that the cumulative effect of all of counsel's efforts deprived him of effective assistance of counsel."). As state-court remedies are no longer available on this claim due to the statute of limitations and the one-petition rule for filing a petition for post-conviction relief, the claim is procedurally defaulted and barred from review. *See* Tenn. Code Ann. § 40-30-102. And even if the Court were to determine that Petitioner had established both cause and prejudice to overcome this default, Petitioner is unentitled to the requested discovery; this is because, again, Petitioner has not shown that with respect an "access to evidence" claim (whether that claim might allege a *Brady* violation (Doc. No. 20 at PageID 785), failure-to-preserve evidence (*id*. at PageID 786), or both), the requested discovery is likely to "resolve any factual disputes that could entitle [Petitioner] to relief." *Williams*, 380 F.3d 932, 975. Petitioner is not entitled to expand the state-court record to include the "brochures" at issue.

For the reasons stated herein, Petitioner's Motions (Doc. Nos. 29 & 30) are **DENIED**. The Court will rule on Petitioner's Section 2254 petition in due time.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE